UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMIE MCINTYRE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. |
| EXPERIAN INFORMATION SOLUTIONS INC, AND TRANSUNION LLC | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JAMIE MCINTYRE as and for her Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory and punitive money damages against Defendants EXPERIAN INFORMATION SOLUTIONS INC. ("Experian"), and TRANSUNION LLC ("Transunion") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transact business in the city of

1

Milwaukee, Milwaukee Count, Wisconsin and the conduct complained of occurred in Milwaukee, WI.

3. Plantiff seek monetary relief within this Court's jurisdictional limits.

## III. PARTIES

4. Plaintiff is a natural person residing in Milwaukee, Milwaukee County, Wisconsin.

5. At all times material hereto, Plaintiff is a "Consumer" as defined under the Fair Credit Reporting Act, 15U.S.C. §1681a, (b) and (c).

6. Upon information and belief, Defendant Experian is an Ohio corporation duly authorized and qualified to do business in the State of Wisconsin.

7. At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, defined under 15 U.S.C. § 1681(d) to third parties.

8. Upon information and belief, Defendant Transunion is an Illinois corporation duly authorized and qualified to do business in the State of Wisconsin.

9. At all times material hereto, Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, defined under 15

2

U.S.C. § 681(d) to third parties.

## IV. FACTS OF THE COMPLAINT

10. In October 20, 2022 Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate, false information furnished by the Defendant, specifically a tradeline by Citi Bank account number 54241813, CCB/Carters account number 778840303235, TBOM/Milestone account number 549806005915, Credit One 444796251101, CreditOne account number 444796255679, CB/Indigo account number 510004468985, Capital One 51567676, Mission Lane account number 431503473952, Target/TD account number 5859752161, Verizon account number 8894295970 and IC Systems account number 14872.

11. On or about October 15, 2022 Plaintiff sent written disputes to Defendant(s) Experian and Transunion disputing the completeness and/or accuracy of the account, (specifically the last verified was inaccurate; the date of last activity was inaccurate; the date opened was inaccurate; and, the payment status was inaccurate.)

12. Upon information and belief, Defendant(s) Experian and Transunion sent a dispute to Citi bank, CCB/Carters, TBOM/Milestone, Credit One, CB/Indigo, Capital One, Mission Lane, Target/TD, Verizon and IC Systems providing all relevant disputed information.

13. In December 2022, Plaintiff noticed that the inaccurate account information was still being reported on her consumer report.

14. Experian and Transunion has been reporting this inaccurate information through the issuance of false and inaccurate information and consumer reports that they have disseminated to various persons and credit grantors, both know a and unknown.

3

15. Experian and Transunion responded to Plaintiffs Disputes by incorrectly opening and closing accounts, charging off accounts, updating account status and sometimes refusing to investigate at all.

16. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Experian and Transunion did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially resonable verify that the derogatory information concerning the disputed accounts was inaccurate.

17. Defendants Experian and Transunion erroneous reporting continues to affect Plaintiffs creditworthiness.

18. As a result of the actions and inactions of Defendants Experian and Transunion, Plaintiff suffered damages, including but not limited to, her FICO scores to be lowered resulting in her being denied credit or being granted credit with a much higher interest rate, loss in ability to finance goods, loss of credit, loss of abiltiy to purchase and benefit from credit severe humiliation, emotional distress and mental pain and embarrassment from credit denials.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681e(b)
### (Defendant Experian and TransUnion)

19. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

20. Defendants Experian and TransUnion violated 15 U.S.C. § 1681e(b) because

4

they failed to follow reasonable procedures to assure maximum possible accuracy of the City Bank, CCB/Carters, TBOM/Milestone,Credit One(s), CB/Indigo, Capital One, Mission Lane, Target/TD, Verizon and IC Systems trade line information when preparing a consumer report purportedly concerning Plaintiff.

21. Defendants Experian and Transunion knew or should have known Plaintiffs Accounts statuses, payment history, date open and closed, amount owed were inaccurate, but Experian and Transunion continued to prepare an official false consumer report concerning Plaintiff.

22. Despite actual and implied knowledge that Plaintiffs credit report was and remains not accurate Experian and Transunion readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiffs creditworthiness.

23. Defendants Experian and Transunion, have caused injury in fact to Plaintiff by causing mental and emotional pain and distress, embrassment, credit denials, damage to credit rating, humiliation and other damages to Plaintiff.

24. At all times alleged herein, Defendants Experian and Transunion acted negligently and/or willfully.

25. Defendants Experian and Transunion is liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C.§1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

### VI. SECOND CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendants Experian and TransUnion)

26. Plaintiff incorporates by reference all the above paragraphs of this complaint

5

as thoughtfully stated herein with the same force and effect as if the same were set forth at length herein.

27. Defendants Experian and TransUnion have failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i. By failing to update inaccurate information in the Plaintiffs credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvest action, failing to forward all relevant information to furnisher(s), failing to maintain resonable procedures with which to filter and verify disputed information in the Plaintiffs file, and relying upon verification from a source it has reason to know is unreliable.

28. Defendants Experian and TransUnion have violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the CRA's (credit reporting agencies).

29. Defendants Experian and TransUnion have caused injury in fact, by causing, among other effects, mental and emotional pain and distress, loss of credit, loss in ability to finance good, damage to credit reputation, embrassment of credit denials and resulting in credit damages to Plaintiff.

30. Defendants Experian and TransUnion have done so either negligently or willfully.

31. Plaintiff is entitled to actual damages, punitive damages and costs pursuant 15 U.S.C. § 1681o.

32. Alternatively, Plaintiff is entitled to actual damages and costs if the violation is negligent, pursuant to 15 U.S.C. §1681n.

33. The Plaintiff is entitled to recover costs and attorneys fees from Experian and

6

Transunion in the amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or1681o.

## VII. THIRD CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(4)
## (Defendants Experian and TransUnion)

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effect as if the same were set forth at lengh herein.

35. Defendants Experian and TransUnion have violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

36. Defendants Experian and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional pain and distress, embrassment, loss to extend credit, damage to credit rating, and resulting in credit damages to Plaintiff.

37. At all times alleged herein, Defendants Experian and TransUnion acted negligently and/or willfully.

38. Defendants Experian and TransUnion are liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

39. The Plaintiff is entitled to recover costs and attorneys fees from Experian and Transunion in an amount to be determined by the courts pursuant to 15 U.S.C. § 1681n and/or 1681o.

## VII. FOURTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)
## (Defendants Experian and TransUnion)

40. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated hereinwith the same force and effect as if the same were set forth at length herein.

41. Defendants Experian and TransUnion violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the City Bank, CCB/Carters, TBOM/Milestone,Credit One(s), CB/Indigo, Capital One, Mission Lane, Target/TD, Verizon and IC Systems tradeline on Plaintiff's consumer report, (ii) failed to find it to be inaccurate, and (iii) failed to promptly notify City Bank, CCB/Carters, TBOM/Milestone,Credit One(s), CB/Indigo, Capital One, Mission Lane, Target/TD, Verizon and IC Systems that the information was deleted from Defendants' file of Plaintiff.

42. Defendants Experian and TransUnion violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the reoccurrence of inaccurate or unverifiable information.

43. Defendants Experian and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional and pain distress, damage to credit rating, embrassment, loss of credit, credit denials and other damages to Plaintiff.

44. At all times alleged herein, Defendants Experian and TransUnion acted negligently and/or willfully.

45. Defendants Experian and TransUnion are liable to Plaintiff for actual damages, punitive damages and costs pursuant to 15 U.S.C. §1681n and actual damages and

8

costs pursuant to 15 U.S.C. §1681o.

## VIII. FIFTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(6)(B)(iii)
### (Defendants Experian, Equifax and TransUnion)

46. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

47. Defendants Experian and TransUnion have violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

48. Defendants Experian and TransUnion have caused injury in fact to Plaintiff by causing mental and emotional pain and distress, damage to credit rating, embrassment, loss of being able to extent credit and resulting in credit damages to Plaintiff.

49. At all times alleged herein, Defendants Experian and TransUnion acted negligently and/or willfully.

50. Defendants Experian and TransUnion are liable to Plaintiff for actual damages, punitive damages and attorneys fees and costs pursuant to 15 U.S.C. §1681n and actual damages and costs pursuant to 15 U.S.C. §1681o.

## IX. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks a jury trial and seeks judgment in favor of Plaintiff and against all Defendants as follows:

9

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2)

C. Actual damages provided pursuant to 15 U.S.C. § 1681o(a)(1) be awarded for each negligent violation as alleged herein;

D. Costs pursuant to 15 USC § 1681n(a)(3);

E. For attorney fees and costs provided and pursuant to 15U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

F. For anysuch other and further relief, as well as further costs, expenses and disbursements of this action as the Court may deem just and proper.

Respectfully submitted,

Dated: June 15, 2023

By: *[signature]*
Jamie McIntyre
2320 W Hope Ave.
Milwaukee, WI 53209
*Pro Se*